**Onofre T. SERRANO, Plaintiff—
Appellant,**

v.

**R.V. MEJIA; et al., Defendants—
Appellees.**

No. 01–55936.

D.C. No. CV–95–03148–HLH.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 15, 2003.

Before BEEZER, KLEINFELD and
PAEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Onofre T. Serrano appeals pro se the district court's judgment in his action alleging violation of the Americans with Disabilities Act, 42 U.S.C. § 12132, the Rehabilitation Act, 29 U.S.C. § 794, and his constitutional rights during his placement in administrative segregation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo summary judgment, *Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam), for abuse of discretion a dismissal for failure to comply with a discovery order, *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1022 (9th Cir. 2002), and may affirm for any reason supported by the record, *Tanaka v. Univ. of S. Cal.,* 252 F.3d 1059, 1062 (9th Cir.2001). We affirm.

The district court did not abuse its discretion by dismissing forty-one of the named defendants as a sanction for Serrano's repeated failure to comply with discovery orders. *See* Fed.R.Civ.P. 37(b)(2)(C); *Rio Props., Inc.,* 284 F.3d at 1022.

The district court properly granted summary judgment on Serrano's claims pertaining to the denial of a wheelchair, walker and shower chair in administrative segregation because Serrano failed to rebut the prison's legitimate penological reason for its actions. *See Turner v. Safley,* 482 U.S. 78, 89–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *Gates v. Rowland,* 39 F.3d 1439, 1447 (9th Cir.1994) (applying *Turner* test to disability discrimination claims).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.